

RECEIVED EAA

JUN 0 2 2016
6-2-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEVIN SROGA, )
    Plaintiff, )
     )
    v. )
P.O. Homdzinski # 3774; )
S&S Officer's Raymound Souchet # 139; )
LeRoy Kaminiski # 430 & John Doe E&R )
Tow Operator along with E & R Towing Co. )
P.O. MORIARTY #11907, P.O. TARALA # )
19323, P.O. PAGAN #4338, P.O. SROKA #16974 )
NOWIK # 11210, P.O. ROMAN # 15673, )
P.O. ECHEVERRIA #14374, P.O. BUTZEN # )
8583, P.O. NODAL ROSARIO # 8771, P.O. )
GONZALEZ # 1317, P.O. SGT. POREMBA # )
2277 & SGT. DEJA # 2051 as well as other )
JOHN & JANE DOE Chicago Police Officers, )
Individually, and THE CITY OF CHICAGO, )
    Defendants, )

16CV5796
JUDGE LEINENWEBER
MAG. JUDGE FINNEGAN

Magistrate Judge

**JURY DEMANDED**

---

## CIVIL COMPLAINT

**Now comes the Plaintiff,** Kevin Sroga, who complains to this Court with the following whereby stating as follows:

## __INTRODUCTION__

1.     This action is being brought pursuant to the Laws of the United States Constitution, specifically under 42 U.S.C 1983, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff that were accomplished by acts and/or omissions that the Defendants committed under color of state law.

2.     This is a civil action seeking damages against those defendants for committing acts under color of state law, whereby depriving plaintiff of rights and immunities secured to him under the constitution and the laws of the United States.

1

## JURISDICTION

3.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4.     Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. section 1391, because all events or omissions giving rise to these claims occurred in this District.

## PARTIES

5.     At all times herein mentioned, Plaintiff, **KEVIN SROGA** ("**Sroga**" or "**Plaintiff**") is a reasonable person who has always been a citizen of the United States residing within the City of Chicago and in jurisdiction of this Court.

6.     At all times herein mentioned, Defendant Streets and Sanitation Officer **Raymound Souchet** Star # **139** ("**Souchet**") was employed as a Supervisor by the Department of Streets and Sanitation for the City of Chicago who was acting under color of state law and as the employee, agent, and or a representative for the City of Chicago, Department of Streets and Sanitation Division who deprived Plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is being sued in his individual/personal capacity.

7.     At all times herein mentioned, Defendant Streets & Sanitation **LeRoy KAMINISKI** Star # **430** ("**Kaminski**") was employed by the City of Chicago, Department of Streets and Sanitation acting under color of state law as an employee, agent, and or a representative for the City of Chicago that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is being sued in her individual/personal capacity.

2

8.     At all times herein mentioned, Defendant Police Officer **MORIARTY** star #

**11907** Star # ("**Moriarty**") was employed by the Chicago Police Department who was

acting under color of state law as an employee, agent, and or a representative for the

Chicago Police Department that deprived Plaintiff of rights, privileges and immunities

secured to him under the laws enacted under the Constitution of the United States. This

Defendant is being sued in her individual /personal capacity.

9.     At all times herein mentioned, Defendant Police Officer **TARALA** Star #

**19323** ("**Tarala**") was employed by the Chicago Police Department who was acting

under color of state law as an employee, agent, and or a representative for the Chicago

Police Department that deprived Plaintiff of rights, privileges and immunities secured to

him under the laws enacted under the Constitution of the United States. This Defendant is

being sued in her individual/personal capacity.

10.     At all times herein mentioned, Defendant Police Officer **PAGAN** Star # **4338**

("**Pagan**") was employed by the Chicago Police Department who was acting under color

of state law and as an employee, agent, and or a representative for the Chicago Police

Department that deprived Plaintiff of rights, privileges and immunities secured to him

under the laws enacted under the Constitution of the United States. This Defendant is

being sued in his individual/personal capacity.

11.     At all times herein mentioned, Defendant Police Officer **SROKA** Star #**16934**

("**Sroka**") was employed by the Chicago Police Department who was acting under color

of state law and as an employee, agent, and or a representative for the Chicago Police

Department that deprived Plaintiff of rights, privileges and immunities secured to him

under the laws enacted under the Constitution of the United States. This Defendant is being sued in her individual/personal capacity.

12.     At all times herein mentioned, Defendant Police Officer **HONDZINSKI** Star # **3774** ("**Hondzinski**") was employed by the Chicago Police Department who was acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under Constitution of the United States. This Defendant is being sued in her individual/personal capacity.

13.     At all times herein mentioned, Defendant Police Officer **NOWIK** Star # **11210** ("**Nowik**") was employed by the Chicago Police Department who was acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under Constitution of the United States. This Defendant is being sued in his/her individual/personal capacity.

14.     At all times herein mentioned, Defendant Police Officer **ROMAN** Star # **15673** ("**Roman**") was employed by the Chicago Police Department acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. This Defendant is being sued in his/her individual/personal capacity.

15.     At all times herein mentioned, Defendant Police Officer **ECHEVERRIA** Star # **14374** ("**Echeverria**") was employed by the Chicago Police Department who was acting under color of state law and as an employee, agent, or a representative for the

Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. This Defendant is being sued in his/her individual/personal capacity.

16.    At all times herein mentioned, Defendant Police Officer **BUTZEN** Star # **8582** ("**Butzen**") was employed by the Chicago Police Department acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. This Defendant is being sued in his/her individual/personal capacity.

17.    At all times herein mentioned, Defendant Police Officer **NODAL RASARIO** Star # **8771** ("**Nodal Rasario**") was employed by the Chicago Police Department acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. This Defendant is being sued in his/her individual/personal capacity.

18.    At all times herein mentioned, Defendant Police Officer **GONZALEZ** Star # **1317** ("**Gonzalez**") was employed by the Chicago Police Department acting under color of state law and as an employee, agent, and or a representative for the Chicago Police Department who deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. This Defendant is being sued in his/her individual/personal capacity.

19.    At all times herein mentioned, Defendant Police Officer SGT. **POREMBA** Star # **2277** ("**Poremba**") was employed by the Chicago Police Department who was acting

under color of state law and as an employee, agent, and or a representative for the

Chicago Police Department who deprived Plaintiff of rights, privileges and immunities

secured to him under the laws enacted under the United States Constitution. This

Defendant is being sued in his individual/personal capacity.

20.     At all times herein mentioned, Defendant Police Officer SGT. DEJA Star # **2051**

("**Deja**") was employed by the Chicago Police Department who was acting under color of

state law and as an employee, agent, and or a representative for the Chicago Police

Department who deprived Plaintiff of rights, privileges and immunities secured to him

under the laws enacted under the United States Constitution. This Defendant is being

sued in his individual/personal capacity.

21.     At all times herein mentioned, all Defendant Police Officer **JOHN and JANE**

**DOE'S** Star #'s which are unascertainable at this present time, ("**John and Jane Doe's**")

were employed by the Chicago Police Department who were acting under color of state

law as employees, agents, and or representatives for the Chicago Police Department who

deprived Plaintiff of rights, privileges and immunities secured to him under the laws

enacted under the United States Constitution. These defendants are being sued in their

individual/personal capacities.

22.     At all times herein mentioned, Defendant John Doe Tow Operator of E&R or URT

who is unknown at this time ("**Tow Operator**") was employed by E&R or URT Towing

Co., a Private Tow Organization which holds a City contract to Tow for the City of

Chicago who may have been acting in concert with another City employee who was

acting under color of state law as an employee, agent, and or a representative for the

Department of Streets & Sanitation who deprived Plaintiff of rights, privileges and

immunities secured to him under the laws enacted under the United States Constitution. These Defendants are being sued in their individual/personal capacities.

23.     At all times herein mentioned, the **CITY OF CHICAGO** was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and /or operated the Chicago Police Department and the Department of Streets and Sanitation under their municipal powers.

## STATEMENT OF FACTS

24.     On June 18th 2014, Plaintiff, Kevin Sroga attempted to relocate a vehicle at or about the location of 1240 N. Homan Ave. City of Chicago within the 014 District.

25.     As this occurred, a Tow Truck leased through E&R or URT= United Road Towing, a Private Tow company which holds a city  contract to tow vehicles for the City of Chicago pulled up alongside of plaintiff's vehicle.

26.     **Plaintiff then had a conversation with the Tow Operator at which time the Tow Operator expressed that he had a Tow Report to tow plaintiff's vehicle.**

27.     Plaintiff then stated to the Tow Operator that he's here with his vehicle and if he could contact his Dispatch to inform them that the owner of said vehicle is "On Scene" and to have the tow either "Cancelled" or "Over Ridden" and have said vehicle RTO'd back to him. **RTO**= *Return To Owner*.

28.     Shortly thereafter, while plaintiff was occupying his vehicle with the key in the ignition, members of the Streets and Sanitation Division through defendants **Souchet #** 139 & **Kaminiski** # 430 expeditiously appeared essentially out of nowhere and

"Blocked" the plaintiff from relocating his vehicle ultimately preventing him from leaving freely with his vehicle.

29.    These same individuals essentially illegally seized the plaintiff at this time whereby blocking the plaintiff from exiting his vehicle with their vehicle and by restricting the plaintiff's freedom of movement without any legal authority or police powers to do so.

30.    Plaintiff made several respectful requests to these individuals to please move their vehicles so that he may continue going about his business relocating his vehicle.

31.    All such requests that plaintiff made to these individuals were egregiously denied.

32.    Plaintiff was essentially seized within the meaning of the Fourth Amendment without any reasonable suspicion, probable cause, and speculation of criminal activity on behalf of these City Defendant agents.

33.    Prior to the in course of Police arrival, Defendant **Souchet** instructed the Tow Operator to "wrap" his cable (from his tow truck) around the front Bumper of Plaintiff's vehicle so that when the Police come, I (defendant Souchet) can tell them that he (the plaintiff) jumped into the vehicle when you (the tow operator) were trying to tow it."

34.    The Tow Operator did just that, he wrapped his Tow Cable around the front of Plaintiff's vehicle while Plaintiff was already sitting inside of his vehicle with the key in the ignition and while plaintiff was not breaking any federal, state or municipal laws.

35.    Plaintiff admits that it did take quite a while for the R/O's to arrive on scene concerning this situation.

36.    The first to arrive on scene were R/O's **Moriarty** # 11907 and **Tarala** # 19323.

8

37.  Without gaining any insight, interviewing or asking any questions into plaintiff's legal position concerning the situation, Defendant **Tarala** immediately demanded plaintiff exit his vehicle.

38.  This was also apparent from R/O **Moriarty's** position that she wanted plaintiff to exit his vehicle as well.

39.  Plaintiff denied such requests to exit his vehicle as the officers were without legal standing authority to make such a request or to give plaintiff such an order.

40.  Soon thereafter, more Police arrived on Scene concerning the situation.

41.  In furtherance, Plaintiff was not and had violated any Federal, State or Municipal laws at the time officers' made such "requests to exit his vehicle" **nor more importantly,** were any officer's on a legitimate Fourth Amendment Traffic Stop in conjunction to this situation.

42.  A forceful entry into plaintiff's vehicle was subsequently made by P.O. **Pagan #** 4338 in violation of rights and immunities secured to the plaintiff via the Constitution of the United States and the laws enacted thereunder by breaking one of the vehicle's car windows where thereby a removal by force and threat on the officer's behalf ensued.

43.  Upon plaintiff being unlawfully and forcefully removed from his vehicle, he was immediately converged upon by other Department member defendants whereby being unlawfully arrested in violation of the plaintiff's Fourth Amendment Rights secured to him under the laws enacted under the Constitution of the United States.

It's very important to note that the plaintiff in this cause did not consent to any of the actions undertaken by these named defendants.

44.  Such conduct displayed by these officers was "Conscience Shocking."

9

**45.** Plaintiff was essentially charged with *inter alia* 720 ILCS 5/21-2 Criminal Trespassing to Vehicles and 720 ILCS -5 /31-1-A – Resisting/Pc Off/Correction Emp/ Fire Employees or in this case, ***Resisting a Police Officer***.

**46.** Plaintiff denies any and all accusations in conjunction to this illegal seizure as it was plaintiff's vehicle that he was occupying at the time of this illegal seizure.

**47.** Under Illinois State law, Criminal Trespass to Vehicles only applies to a vehicle belonging to another and not against the person who owns it.

**48.** Furthermore, plaintiff denies ever resisting any arrest in conjunction to the aforementioned.

**49.** Plaintiff was unlawfully detained and then illegally seized who was then unlawfully removed from his vehicle and then pounced upon by other Department Defendants all without plaintiff having any warrants for his arrest, engaging in any criminal activity of any sorts, or any other exigent circumstances in relation to this incident being justified.

**50.** As a direct result of these officer agents conduct, plaintiff sustained injuries to his left and right arms during the on course of this arrest.

**51.** For over a year and a half period of time, plaintiff attended all of his Court Appearances to answer to these unlawful charges being placed upon him in which on November 16th 2015, the above charges which were erroneous set forth against the plaintiff were properly dismissed in plaintiff's favor.

**52.** Furthermore, it is not the first encounter this plaintiff has had with defendant Officers **Tarala**, **Pagan**, **Hondzinski**, **Sroka**, and Sgt. **Deja** stemming from this complaint.

53.     Shortly thereafter herein, officers **Hondzinski** and **Sroka** continued their harassment efforts of plaintiff by seeking out, citing and towing other vehicles belonging to plaintiff even in a neighboring Police District, the 011th Police District where the plaintiff became the only person susceptible to their enforcement actions outside of their normal assigned patrolled beat of 1422.

54.     This is a clear violation of the Equal Protection Clause associated with the United States Constitution and the laws enacted thereunder.

## FACTUAL ALLEGATIONS

55.     On information and belief, plaintiff alleges that majority of these individual defendants subsequently entered into agreement to harass the plaintiff by creating false allegations in having plaintiff's vehicles falsely cited and or towed on multiple occasions and by arresting and bringing false criminal charges against plaintiff all in retaliation against this plaintiff.

56.     Plaintiff was not violating, nor had violated any Federal, State or Municipal laws nor was there any warrants out for plaintiff's arrest when plaintiff was unlawfully and unreasonably seized.

57.     Defendant **Moriarty, Tarala, Pagan, Hondzinski, and Sroka** as well as other named P.O. defendants all arrived at plaintiff's location who not only illegally seized plaintiff's vehicle, but then falsely arrested and instituted false criminal proceedings against plaintiff all without cause, warrant, plaintiff's permission, exigent circumstances or any legal basis or foundation under Illinois law to do so.

58.     Not only does the Fourth Amendment protect against unlawful seizures, it also protects against Unreasonable ones as well.

11

**59.** Furthermore, an unlawful/unreasonable seizure under the Fourth Amendment not only applies to persons, but also applies to a person's property as well.

**60.** By reason as of the direct and proximate result of the wrongful actions and omissions as described above by these Defendant-Officers, Plaintiff sustained great and still continues to suffer substantial injuries including, but not limited to, traumas, humiliation and indignities, financial, loss of personal property, fear, undue stress, physical, mental and other emotional distresses and mental anguish, pain and suffering, pecuniary damages including attorneys' fees, monies posted for bond, lost wages, the loss of employment who is suffering from great fear and anxiety all to his damages in an amount to be ascertained later.

**61.** The aforementioned acts of these Defendants were willful, wanton, malicious, oppressive and done with a reckless indifference to and / or callous disregard for Plaintiff's Constitutional Rights and justify the award of exemplary and punitive damages in an amount to be ascertained according to proof at time of trial.

## COUNT I

**Plaintiff against officer agent Souchet & Kaminski for violation of Illegal Seizure of Both his Person & Property whereby reserving the right to include E&R or URT and its Towing**

**62.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**63.** On June 18th 2014, Defendant **Souchet & Kaminski**, unlawfully restricted the plaintiff's freedom of movement by illegally & unlawfully detaining plaintiff, essentially seizing plaintiff, knowing plaintiff to be in legal control of his vehicle wishing to leave with such vehicle.

**64.** These named defendants were the proximate cause to both plaintiff and his personal property being illegally seized in violation of the fourth amendment to the U.S.C.

12

65.     In committing these acts of misconduct described herein, Defendant **Souchet &**

**Kaminski** committed them while acting under color of state law as the employee, agent,

and or a representative for the City of Chicago, Department of Streets and Sanitation

Division who deprived plaintiff of rights, privileges, and immunities secured to him

under the laws enacted under the United States Constitution.

66.     Defendants **Souchet & Kaminski's** unlawful acts resulted in the unlawful

seizure of plaintiff and his personal property which has created and still creates an undue

burden and hardship on the plaintiff which resulted in the deprivation of plaintiff's rights,

securities, property, benefits, use thereof as well as creating extreme emotional distress

and a loss of financial gain.

67.     By reason of the defendants **Souchet's & Kaminski's** conduct, plaintiff was

deprived of rights, privileges and immunities secured to him under  the fourth as

reinforced under fourteenth amendments (under equal protection class-of-one clause)

under  the Constitution of the United States and laws enacted thereunder.

68.     Therefore, these defendants are liable for violation(s) to plaintiff's fourth

amendment rights secured to him pursuant to 42 U.S.C Section 1983.

---

   Ordinarily, private citizens are not susceptible to 1983 causes of actions; however, in this case,
official Police Reports on the incident are establishing that the Tow Truck Operator was in fact a
City Tow Truck, if true? This makes E&R or URT, United Road Towing susceptible to these
causes' of actions. However, neither here nor there, in absentia of any evidence that the Tow
Operator is in fact a "City Tow Truck" or a "City Tow Operator" plaintiff may still have a claim
against such (private) organization if he can establish whether or not the Tow Operator acted in
concert with any one of these named defendants who were agents of the "City" who were acting
under color of state law at the time. For this, Plaintiff  moves this Court to either "Abbey" or
"stay" such claim in furtherance of rectifying this underlying question to the contrary during the
fact finding discovery process in  relation to any claims relating to E&R or URT Towing Co. and
its officer agents' at this time.

## COUNT II

### Plaintiff against Defendant Moriarty, Tarala, Pagan Hondzinski and Sroka for False Arrest & Illegal Seizure of Person & Personal Property

**69.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**70.**     On June 18th 2014, Defendant – Officers **Moriarty**, **Tarala**, **Pagan**, **Hondzinski** and **Sroka**, unlawfully engaged in conduct that was "conscience shocking" whereby engaging in such egregious conduct in relation to illegally seizing the plaintiff's vehicle without just cause as well as forcefully entering into plaintiff's vehicle to have him physically removed without any legal justification to do so  knowing plaintiff to be in legal control of such vehicle at the time and was the proximate cause of Plaintiff's personal property being illegally seized all in violation of the fourth amendment.

**71.**     In committing these acts of misconduct described herein, these defendant officers committed them while acting under color of state law and as the employee, agent, and or a representative from the City of Chicago, Department of Police who deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the United States Constitution.

**72.**     These defendant officers' unlawful acts resulted in the unlawful seizures of plaintiff's personal property which created and still creates an undue burden and hardship on the plaintiff which resulted in the deprivation of Plaintiff's rights, property, benefits, use thereof as well as extreme emotional distress and a loss of financial gain.

**73.**     By reason of these defendant Officers conduct, plaintiff was deprived of rights, privileges and immunities secured to him under  the fourth as reinforced under fourteenth amendments (under equal protection clause) under  the Constitution of the United States

and laws enacted thereunder. Therefore, these defendants and each of them are liable for violation(s) to Plaintiff's fourth amendment rights pursuant to 42 U.S.C Section 1983.

## COUNT III

### Plaintiff against Defendant Pagan for use of Excessive Force

**74.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**75.** On June 18th 2014, Defendant Officer **Pagan** acting under color of state law illegally seized, allowed to be seized and then arrested whereby he did arrest plaintiff without a legal right to do so, and in doing so, defendant **Pagan** purposely and intentionally caused his restraints (handcuffs) to be affixed on the plaintiff's wrists excessively and overly tight causing plaintiff extreme pain, suffering, and discomfort, while leaving score marks, swelling and bruising on plaintiff's wrists.

**76.** In addition, while being walked into the 014th District Station from the rear parking lot of that facility located at 2150 N. California, plaintiff was again escorted by defendant **Pagan**.

**77.** While defendant **Pagan** escorted plaintiff into the station and into a holding room defendant **Pagan** then shoved the plaintiff excessively hard into a cinder block wall whereby simultaneously stating to the plaintiff, "**Welcome to our house now Bitch**."

**78.** The aforementioned conduct under taken by defendant **Pagan** not only "***shocks the conscience***" but, was undertaken with such malice and with a willfulness and reckless indifference to plaintiff's rights secured to him.

**79.** As a direct result of defendant Pagan's conduct, plaintiff acquired internal bruising as well as swelling on his upper chest and pectoral region of his body that lasted well over several days.

15

**80.** By reason of the defendant Pagan's conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the fourth amendment of the United States Constitution and laws enacted thereunder.

**81.** The defendant- officer ultimately violated Plaintiff's fourth amendment right as guaranteed by the fourteenth amendment to be free from the use of excessive and unreasonable force as well as other certain equal protection rights. Therefore, this defendant is liable for excessive force pursuant to 42 U.S.C. Section 1983.

## COUNT IV

### Plaintiff against ALL Named Defendants and the City of Chicago for Malicious Prosecution

**82.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**83.** These Defendant Police Officers are employed by the City of Chicago and while acting under color of state law maliciously commenced a criminal action against the plaintiff without any probable cause or any legal justification for the institution of and the continuation of such proceedings.

**84.** Plaintiff's criminal proceedings were dismissed in his favor.

**85.** As a direct result of these officers' conduct, plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberties and other related rights.

**86.** These Defendant officers facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

**87.** The City of Chicago thus is liable as a result of *respondeat superior* in connection to this claim on the foundation of its Officer Defendants conduct.

**88.** Therefore, these individual defendants and the City of Chicago are coextensively liable for the state supplemental claim of malicious prosecution in connection to the aforementioned.

## COUNT V

### Plaintiff against Defendant Officers Moriarity, Tarala, Pagan, Hondzinski and Sroka for Conspiracy to Deprive Plaintiff of his Constitutional Right

**89.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**90.** On or about June 18th 2014, Defendant –Officers **Moriarity, Tarala, Pagan, Hondzinski and Sroka** all acting under color of state law knowingly and intentionally schemed and worked together in a common plan to unlawfully seize the plaintiff and his property without any probable cause, reasonable suspicion, consent or any other legal justification to engage in such egregious police action.

**91.** These Defendant officers held a meeting of the minds to set forth in motion in furtherance of a conspiracy that knowingly and intentionally deprived plaintiff of privileges and immunities secured to him under the United States Constitution and the laws enacted there under.

**92.** By reasonable references in relation to the above, at least one and or more of the officers involved either knew or should have known that the vehicle the plaintiff was occupying at the time of this unlawful police inception rightfully belonged to or could have belonged to the plaintiff.

**93.** These officers acted in concert with one another and further conspired with each other whereby acting together to cover one another by knowingly and intentionally giving false, misleading and incomplete statements and false versions of events to other officers involved the incident in order to cover up their illegal activities and deeds of misconduct.

**94.** By reason of the Defendant Officers conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the United States Constitution and laws enacted thereunder. Therefore, these defendants and each of them are liable for Civil Conspiracy under 42 U.S.C Section 1983.

## COUNT VI

### Plaintiff against Defendant SGT. Poremba for Supervisory Liability

**95.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**96.** Defendant Sgt. **Poremba** is a Supervising Sergeant working for the Chicago Police Department who was on scene that day concerning the aforementioned.

**97.** On June 18th 2014, Defendant Supervisor Sgt. **Poremba** not only "turned a blind eye" but engaged in, and encouraged and then allowed such illegal activity to transpire while knowingly and unreasonably without any exigent circumstances, probable cause, reasonable suspicion, consent, or any other lawful basis to ascertain such police action against the plaintiff.

**98.** The actions by Defendant SGT. **Poremba**, a Supervising Sgt. for the Chicago Police Department by condoning, encouraging and then allowing plaintiff to be unlawfully seized and then falsely arrested without any reasonable articulable suspicion of criminal activity, probable cause, consent or any other legal justification to do so violated Plaintiff's fourth amendment rights (to be free from unreasonable searches and seizures) as reinforced by the fourteenth amendment (equal protection clause) to the United States Constitution and the laws enacted thereunder.

18

99.     Defendant Sgt. **Poremba** not only failed to exercise a "duty to intervene" as

Supervisor of these Defendant Officers, Defendant **Poremba** approved, encouraged,

condoned, and or turned a blind eye to the substantial amount of constitutional violations

essentially depriving plaintiff of his constitutional securities in violation of such rights.

100.    By reason of Defendant SGT. **Poremba**'s conduct, plaintiff was in fact deprived

of rights, privileges and immunities secured to him by the fourth amendment to the

United States Constitution and of the laws enacted thereunder. Therefore, defendant

**Poremba** is liable under the Supervisory Liability Doctrine pursuant to 42 U.S.C Section

1983.


## COUNT VII

**Plaintiff against Defendants' Sgt. Poremba, Nodal Rosario, Butzen, Echeverria, Roman, Nowik, Gonzalez and John and Jane Doe Defendants for Failure to Intervene**

101.    Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

102.    Sgt. **Poremba, Nodal Rosario, Butzen, Echeverria, Roman, Nowiak,**

**Gonzalez** and alike **John** and **Jane Doe Defendant-Officers** acting within the scope of

their employment under color of state law all had a duty to protect plaintiff's

constitutional rights and securities, this includes a "**duty to intervene**" in the deeds of

misconduct generated by their fellow colleagues and Supervisors as clearly described and

outlined in the above accounts.

103.    All Defendants failed to exercise diligently in one way or the other which

violated their own "duty" as sworn members of the Chicago Police Department in the

preservation and prevention of plaintiff's constitutional rights from being maliciously and

wantonly violated in a reckless manner by fellow Police personnel.

**104.**     Such duty by not engaging in such a "Duty to Intervene" "shocks the conscience" and is indicative of "Turning a Blind Eye" ultimately taking part in a Police cover-up essentially engaging in a "Code of Silence" or partaking in this thin "Blue Line" Code of Conduct.

**105.**     By reason of the Defendants conduct by "*Failing to intervene*," plaintiff was deprived of rights, privileges, and immunities secured to him by the fourth and fourteenth amendments of the United States Constitution and of the laws enacted thereunder. Therefore, all Defendants and each of them are liable to plaintiff pursuant to the Failure to Intervene Doctrine Pursuant to 42 U.S.C. Section 1983.

## COUNT VIII

**Plaintiff against all Individual Defendants for Intentional Infliction of Emotional Distress**

**106.**     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**107.**     Defendant police officers and City personnel while acting under color of state law, deprived plaintiff of multiple constitutional rights, securities, privileges and immunities secured to him under the fourth and fourteenth amendments of the United States Constitution.

**108.**     This conduct complained of transpired during the Defendants scope of employment working for the City of Chicago as Police Officers or other agents for the City of Chicago as its primary employer.

**109.**     These willful acts of misconduct by all named Defendants as set forth above were extreme, outrageous, wanton, and were undertaken with malice, a willfulness and reckless indifference to the Plaintiff's constitutional rights.

**110.**    The Defendants actions were intended to cause by exercising a reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiff in addition to violating plaintiff's rights secured to him under the U.S.C.

**111.**    As a direct and proximate result of these defendants wrongful acts and conduct, defendants did so directly and proximately cause plaintiff to suffer severe and extreme damages including, but, not limited to, financial, severe mental and emotional distress, physical damage, mental distress and anguish, anxiety, fear, humiliation, traumas, loss of liberty, loss of personal property, loss of employment, destruction of reputation, all in relation to and retaliation, whereby wanton of inflicting intentional infliction of emotional distress.

## COUNT IX

### *MONELL CLAIM*

**Plaintiff against Defendant City of Chicago for Failure to Train, Supervise and Discipline**

**112.**    Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**113.**    The Defendant City of Chicago is a Municipal corporation established under its own "Home Power Rules" and Regulations.

**114.**    The Defendant City of Chicago failed to take the necessary precautions to adequately Train, Monitor, Supervise, and or Discipline its Personnel agent Officers.

**115.**    These Defendants, the City of Chicago and its officers intentionally worked "deliberate indifference" to plaintiff's constitutional rights.

**116.**    These deliberate indifferences can only be attributed to the City of Chicago's "Failure to Monitor, *Train*, Supervise, to hold accountable and or Discipline its agents."

**117.**    Under *Monell*, a local government can be sued under 42 U.S.C. sections 1983,

when the local government's failure to train its officer agents constitutes a "deliberate indifference" to a person's constitutional rights, the local government is liable to that person for his injuries. *Canton v. Harris* U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). **Rejecting** that *Monell **only applies to a written policy which led to the constitutional deprivation***.

## COUNT X

### RESPONEAT SUPERIOR

**118.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**119.** All Defendants either are or were members of the Chicago Police Department and or agents working for the City of Chicago.

**120.** In committing these willful and wanton acts against plaintiff, these defendants committed them while acting under color of state law during the scope of their employed activities.

**121.** Defendant City of Chicago is the employer of all named Defendants.

**122.** Pursuant to *respondeat superior*, Defendant **CITY OF CHICAGO**, as principal, is liable for its agents' actions.

**123.** As a proximate cause of Defendant Officers unlawful acts which occurred within their scope of employed activities, Plaintiff suffered severe and extreme damages including but not limited to, financial, severe psychological, mental and emotional distress, physical damage, mental distress and anguish, anxiety, fear, humiliation, traumas, loss of liberty, loss of personal property, destruction of reputation, loss of

employment and a potential loss of his professional careers to come. Therefore, the City of Chicago is responsible under the ***respondeat superior*** doctrine.

## COUNT XI

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

**124.** Illinois law provides that public entities are directed to pay any tort judgment compensatory damages from which employees are liable within the scope of their employment activities.

**125.** The acts of the individual Defendant – Officers described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

**126.** Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant aforementioned personnel and its Officers.

**127.** Finally, Citing to Richard J. Daley's famous Quote of [sic] "***A policeman is not there to create disorder, a Policeman is there to preserve disorder***", had such statement been genuine in nature and practiced by members of the Chicago Police Department, plaintiff would never be before this Court today complaining to the contrary.

**WHEREFORE**, Plaintiff Kevin Sroga, respectfully moves this Honorable Court to enter judgment as follows against these defendants, and each of them on every claim:

a) That the defendants be required to pay plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;

b) Award special damages in a sum to be determined at trial;

c) Award extreme exemplary and punitive damages, in a sum to be determined at trial;

d) Require the defendants to pay the plaintiffs costs of the suit herein incurred;

e) Require the City to change its policy governing the towing of vehicles when a person occupies his or her vehicle;

f) Require and or Award such other and additional relief that this Honorable Court deems just and equitable.

g) Order Defendant CITY OF CHICAGO to indemnify the defendant-officers for any judgments entered in this case arising from their actions.

**This Plaintiff, Kevin Sroga, Hereby Requests a Trial by Jury on each and every Count of his Compliant**

**Respectfully submitted,**

Kevin Sroga
3343 W. Crystal
Chicago, IL 60651
(773) 401-2716

**Kevin Sroga, Pro Se Plaintiff**