# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA, <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER HONDZINSKI, *et al.*, <br><br> Defendants. | Case No. 16 C 5796 <br><br> Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

The Plaintiff, a "prolific civil litigant," originally filed an eleven-count *pro se* Complaint against certain Chicago police, certain sanitation workers, and a *Monell* claim against the City itself. In a lengthy Memorandum Opinion, the Court exhaustively recounted the facts pled in the original Complaint. The Opinion dismissed without prejudice most of the case including the *Monell* claim. Because the part of the case remaining included an excessive force case against certain of the Defendant Officers, the Court appointed an attorney to represent Plaintiff. This resulted in a three-count Amended Complaint: Count I against individual city police officers for the illegal seizure of his motor vehicle; Count II against certain city police officers for excessive force; and Count III against the City of Chicago under *Monell*. The individual officers have moved to dismiss Count I and the City of Chicago

has moved to dismiss Count III. For the reasons stated herein the Court denies the Motion to Dismiss Count I but dismisses Count III with prejudice.

## I. BACKGROUND

Since the Court presumes familiarity with the facts as set forth in the Court's previous opinion, the Court will limit the facts to the bare minimum. On June 18, 2014, the Plaintiff's vehicle, a seventeen-year-old Ford Crown Victoria, was parked on a Chicago street in the vicinity of 1240 N. Homan Avenue. The car did not have license plates because, as it turned out, registration renewal was on hold for Plaintiff's failure to comply with emissions testing. In lieu of license plates the Plaintiff had affixed on the inside of a rear window a Seven-Day Permit issued by the Illinois Secretary of State.

On the morning of June 18, 2014, one of the Defendant Officers made a tow request for Plaintiff's vehicle for a Confidential VIN Check after observing the vehicle without license plates and with the VIN covered. A Confidential VIN Check is a procedure utilized by the Chicago Police "to verify that the vehicle subject to the check has (1) a VIN number and (2) verify that essential parts are not stolen." (Original Complaint, para. 26.) A tow truck was dispatched in response to the Confidential VIN Check request. At noon, when Plaintiff

arrived at the scene, he found a tow truck parked in front of his vehicle preparing to tow it. Plaintiff requested that the vehicle not be towed. A short time later a city police vehicle arrived at the scene and was parked so as to prevent him from moving his car. One of the Defendant Officers instructed the tow operator to wrap his tow cable around the front of Plaintiff's vehicle and instructed Plaintiff to exit his vehicle. Plaintiff refused. Because his vehicle was locked, an officer broke the rear passenger-side window and unlocked the car. The officers then proceeded forcibly to remove Plaintiff from the vehicle. He was arrested, handcuffed and removed to the police station. Neither the original nor the Amended Complaint expressly alleges that the car was actually towed; nevertheless it is clear that the City took possession of the vehicle. The Court previously ruled that Defendant Officers had probable cause to arrest Plaintiff.

### II. **MOTION TO DISMISS BY INDIVIDUAL DEFENDANTS**

Plaintiff admits that the VIN was covered and not readable from outside the vehicle. He, however, denies that the vehicle was not licensed because he had affixed a temporary permit issued by the Secretary of State to the window of his car. For this reason he denies that the vehicle was in violation of the law and towable. The Defendant Officers argue that the

Complaint does not allege that the temporary license was valid and therefore the car was towable as part of the Confidential VIN check. Plaintiff argues that the Confidential VIN Check is unconstitutional because there is no authority to tow a vehicle even if it had an obscured VIN and was not licensed. He cites *Gable v. City of Chicago,* No. 97 C 4872, 2001 WL 290607 (N.D. Ill. Mar. 20, 2001), which lists a number of bases for towing, including abandonment but, according to Plaintiff, none apply to this case.

Defendant Officers list three statutory provisions, 625 ILCS 5/4-103(a)(2)-(3), 625 ILCS 5/3-413(a)-(b), and 625 ILCS 5/3-403 which they claim justifies the towing of the vehicle. 625 ILCS 5/4-103(a)(2)-(3) makes it illegal (1) "to remove, alter, deface, destroy, falsify or forge" a VIN of a vehicle; (2) and "to knowingly conceal or misrepresent the identity of a vehicle." 625 ILCS 5/3-413(a)-(b) requires license plates to be attached to the vehicle. 625 ILCS 5/3-403 limits short-term permits for vehicles suspended under the Vehicle Emission Inspection Law to use to obtain repairs in order to bring the vehicle into compliance and to travel to and from a vehicle inspection station.

Plaintiff argues that none of these statutory provisions apply. There is nothing in the record to indicate that the VIN

had been removed, altered, defaced, falsified, or forged and the mere fact that there was some temporary obstruction, which Plaintiff admits, on the windshield could not be considered "concealing." Plaintiff also contests the applicability of the licensure requirement because the car had a temporary permit which excuses it from having to have valid licenses attached in the statutory manner. Plaintiff denies that his claim has anything to do with the temporary permit and therefore 625 ILCS 5/3-403 has no relevance. Defendant Officers respond by asserting that nowhere in the Complaint is it alleged that the temporary permit was valid.

The Court believes Plaintiff has the better of the argument on Count I. The posture of the case is on a motion to dismiss, not for summary judgment. It appears to the Court that the two statutory provisions relied upon by Defendant Officers are at best arguably applicable under a rather strained interpretation of the facts alleged. If, as Plaintiff alleges, the obstruction resulted from the placement of a parking receipt it would be hard to argue that this was an attempt at concealing. With respect to the temporary permit, this is notice pleading and an allegation the car had a temporary permit affixed to the window would be sufficient to put Defendant Officers on notice that Plaintiff was relying on a valid permit. It may turn out that

the permit was indeed not valid but this is a question of fact. The Motion to Dismiss Count I is denied.

### III. THE MOTION TO DISMISS THE *MONELL* COUNT

The Court dismissed the *Monell* count of the original Complaint on the ground that eight instances of the city towing Plaintiff's vehicles over a more than ten-year period was insufficient to place the City on notice of a pervasive, widespread pattern of wrongful conduct. They were "too scattershot" to raise such an inference, citing *Latuszkin v. City of Chicago,* 250 F.3d 502, 505 (7th Cir. 2001). Plaintiff has in his Amended Complaint attempted to cure this deficiency by removing the time element and by alleging that the police have used the Confidential VIN Check for more than twenty years.

This is a complete change in Plaintiff's theory which was originally that the City police were targeting his vehicles in order to harass him. (Original Complaint, para. 25.) The resulting claim now is that the City has a policy of performing Confidential VIN checks when it finds vehicles parked on the street without license plates and with obscured VINs, which Plaintiff states is unconstitutional. However, the purpose of this policy, as the Court stated earlier, is twofold: (1) to determine ownership of the vehicle, and (2) to determine whether the vehicle or part thereof was stolen. Plaintiff takes issue

with the constitutionality of this policy which is the basis for his *Monell* claim. He however cites no authority indicating that this procedure is in fact unconstitutional. It is hard to see why it would be. How can ownership be determined when police encounter a locked vehicle parked in a public street without license plates and an obscured VIN without towing it to a facility to open it. Failure to license a vehicle or to operate a vehicle without licenses is a violation of the State Motor Vehicle Code 625 ILCS 5/4-103(a)(2)-(3). It is difficult, if not impossible, to write a ticket without ownership information. Moreover a parked vehicle without license plates and with an obscured VIN number could reasonably be assumed to be abandoned. At most this could be argued that it is a violation of a city ordinance, which does not by itself raise constitutional issues. Here Plaintiff admits on eight previous occasions his vehicle was towed because he parked it on the street with the VIN obscured and without license plates. If nothing else, it appears that Plaintiff is a scofflaw.

However, Plaintiff argues that on this occasion his vehicle was, in fact, licensed: he had obtained a temporary permit from the Secretary of State which meant that, while the vehicle had an obscured VIN number, it was legally licensed. While this may be true, as the Court agreed in the ruling on the Motion to

Dismiss Count I, nevertheless it does not fit in Plaintiff's *Monell* claim which is that the City tows vehicles that have obscured VINs and no license plates. As far as the Complaint is concerned, this is the only allegation that the Confidential VIN check was attempted to be performed on an obscured VIN and a temporary permit. There is no evidence that this was a widespread practice. The Motion to Dismiss Count III is granted with prejudice.

## IV.  CONCLUSION

For the reasons stated herein, Defendant Officer's Motion to Dismiss Count I is denied. The City's Motion to Dismiss Count III is granted. Count III is dismissed with prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated:  6/21/2018