**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN SROGA,** | |
| **Plaintiff,** | **Case No. 16 C 5796** |
| v. | |
| **JENNIFER HONDZINSKI, *et al.*,** | **Judge Harry D. Leinenweber** |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

### I. BACKGROUND

As noted in the Court's two previous opinions issued in this case, Plaintiff is a "prolific civil litigant." As initially filed, this case contained 11 counts against 17 individuals and the City of Chicago. A Motion to Dismiss was granted as to all counts, but one, either with or without prejudice. *Sroga v. Hondzinski, et al.*, 2017 WL 3278916 (Aug. 2, 2017). Plaintiff then filed (with the aid of a court-appointed attorney) an Amended Complaint containing three counts: Count I, for illegal seizure of Plaintiff's motor vehicle; Count II, for excessive force; and Count III, against the City of Chicago under *Monell*. The Defendants, once again, filed a Motion to Dismiss which the Court denied as to Counts I and II, but granted with prejudice as to Count III against the City of Chicago. The Defendants have now

filed a Motion for Partial Summary Judgment on Count I, for illegal seizure, but do not move on Count II, for excessive force.

## II. DISCUSSION

### Count I - Alleged Illegal Seizure

The Defendants contend that at the time the Plaintiff's motor vehicle was seized, it was parked along a city street without a license and with its VIN obscured. Plaintiff acknowledges that the vehicle was unlicensed but claims that it had affixed to the back window a so-called "seven-day permit" issued by the Illinois Secretary of State, and that "to the best of his knowledge the VIN was visible outside of the car." (*See* Pl.'s Response to Def.' Rule 56.1 Statement, ¶¶ 20 and 22.) It is this somewhat equivocal response that Plaintiff contends raises a question of fact as to Count I so as not to be amenable to a summary judgment motion.

Be that as it may, this equivocation does not save Count I, because, in addition to the alleged obscured VIN, the vehicle was unlicensed, and, apparently never had been. According to the Secretary of State's records, Plaintiff did not re-register the vehicle after its initial registration after Plaintiff purchased the vehicle from the City of Chicago on July 14, 2011, so the vehicle was unregistered on June 18, 2014, the date of seizure as Defendants set out as undisputed facts in their Rule 56.1 Statement. Defendants cite in support of this allegation records obtained from the Secretary of State which contains a certification

in support. (Def. Rule 56.1 Statement, ¶¶ 11 and 12.) Although Plaintiff admits that the vehicle was unregistered on the date of seizure, he contends that he applied for and received a seven-day permit because the reason the vehicle was unlicensed was because it had failed an emission test.

Concerning the lack of registration statement of fact, ¶ 11, Plaintiff responds with the following language:

> Disputed that the Illinois Secretary of State's Office does not have a record of the plaintiff renewing the registration of the vehicle. The defendants have not presented any evidence as to the entirety of the records in the Secretary of State's possession. They have also not presented any evidence to explain what the records in Exhibit D are, how they were obtained, whether they are complete and what they would ordinarily contain.

However, Plaintiff did not cite to any portion of the record in support of his denial. If in fact Plaintiff wished properly to dispute the issue of re-registration, he could have produced some evidence in support of the denial, not just criticize the completeness of Defendants' Statement of Facts.

All Plaintiff is willing to allege under oath is that at some point the Secretary of State "issued the 7-day permit to me for my car." (Pl.'s Aff., ¶ 2.) He does not say when the permit was issued but he does admit in response to Para. 15 and 16 of Defendants' Rule 56.1 Statement, that the 7-day permit had expired on May 23, 2014, 25 days prior to the seizure. Therefore, at the time of the seizure the vehicle may or may not have had its VIN

obscured but was unlicensed and had on display a 7-day permit that had long since expired.

The Chicago Municipal Code § 9-80-220 provides as follows:

**9-80-220 False, stolen or altered temporary registration permits.**

> No person shall operate or park on the public way any vehicle bearing a false, stolen or altered state temporary registration permit. A vehicle operated or parked in violation of this section is subject to immediate impoundment. The owner of record of such vehicle shall be liable to the city for an administrative penalty of $500.00 in addition to fees for towing and storage of the vehicle. Whenever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment under this subsection, the police officer shall provide for the towing of the vehicle to a facility controlled by the city or its agents. When the vehicle is towed, the police officer shall notify the person who is found to be in control of the vehicle at the time of the alleged violation, if there is such a person, of the fact of the seizure and of the vehicle owner's right to request a preliminary hearing to be conducted under Section 2-14-132 of this Code. If the vehicle is unattended, notice shall be sent to the owner of record of the vehicle, at the address indicated in the last valid registration of the vehicle.

Plaintiff acknowledges that this provision was in effect on the date of the seizure but relies solely for the illegality of the seizure, the so-called unobscured VIN. Thus, his argument is irrelevant to the legality of the seizure. The Chicago Municipal Code makes a vehicle with a "false" temporary registration permit subject to immediate impoundment. Certainly, a long-expired permit that is attached to make the vehicle appear to be registered is a false document and makes the vehicle subject to impoundment

under the ordinances. The impoundment ordinances have passed muster on both substantive and procedural due process grounds. *Towers v. Chicago*, 173 F.3d 619 (7th Cir. 2013) and *Jackson v. Chicago*, 975 N.E.2d 153 (1st Dist. 2012).

With respect to this point, the Court in its opinion denying the motion to dismiss Count I, illegal seizure, stated that insofar as the notice pleading is concerned:

> an allegation the car had a temporary permit affixed to the window would be sufficient to put Defendant Officers on notice that Plaintiff was relying on a valid permit. It may turn out that the permit was indeed not valid, but this is a question of fact.

*Sroga v. Hondzinski, et al.*, 2018 WL 3068331 (June 21, 2018).

The question that was open at the motion to dismiss stage is now closed. The Motion for Partial Summary Judgment on Count I is granted.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Partial Summary Judgment (Dkt. No. 140) is granted. Count I is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                    Harry D. Leinenweber, Judge
                                                                    United States District Court

Dated: 12/5/2019